465 So.2d 562 (1985)
Ralph C. WILLS, Appellant,
v.
SNAPPER CREEK NURSING HOME, INC., Snapper Creek Nursing & Convalescent Home, Inc., Isaac Mizrahi and Mildred Mizrahi, Individually and As Joint Tenants and Owners of the Land and Building, and Chicago Insurance Company, Appellees.
No. 84-671.
District Court of Appeal of Florida, Third District.
March 12, 1985.
Rehearing Denied April 8, 1985.
*563 Fox & Fischer and Steve Fischer, Miami, for appellant.
Schwartz & Hasty and G.J. Godfrey, Miami, for appellees.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
Marilyn Wills was seriously hurt in an accident at the Snapper Creek Nursing Home. She obtained a $110,000 ($220,000 reduced by 50% comparative negligence) jury verdict and judgment against the home. Her husband Ralph, however, who had been a derivative co-plaintiff to recover the loss of the intangible items of her companionship and consortium,[1] was working on the Florida west coast at the time of trial and testified neither in person nor through his deposition.[2] For that reason, the trial judge directed a verdict against Mr. Wills and he has taken this appeal. We reverse.
It is established, contrary to the lower court's apparent view, that there is no requirement that a plaintiff appear in court to testify in support of his action. Alter v. Finesmith, 214 So.2d 732 (Fla. 3d DCA 1968), cert. denied, 225 So.2d 538 (Fla. 1969). The only issue, therefore, is whether the evidence which was presented creates a jury issue on the appellant's assertion that he had sustained a loss of consortium. See Menard v. O'Malley, 327 So.2d 905 (Fla. 3d DCA 1976). The elements of such a claim are the loss of

*564 the companionship and fellowship of husband and wife and the right of each to the company, cooperation and aid of the other in every conjugal relation. Consortium means much more than mere sexual relation and consists, also, of that affection, solace, comfort, companionship, conjugal life, fellowship, society and assistance so necessary to a successful marriage.
Gates v. Foley, 247 So.2d 40, 43 (Fla. 1971). In this case, we conclude that the testimony of Mrs. Wills, who related at length, not only the extent of her own injuries, but, only for example, their adverse effect upon her temperament, her ability to work both outside and inside the home, and the couple's sexual relations was more than sufficient to demonstrate that her husband had sustained recoverable damages. See Corbett v. Dade County Board of Public Instruction, 372 So.2d 971 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1192 (Fla. 1980) (testimony of relatives of retarded child as to effect of incident upon her sufficient to require submission of future damages issue to jury). The judgment below is therefore reversed for a new trial on the issue of the appellant's damages alone.[3]
Reversed.
NOTES
[1] Although the complaint claimed her medical expenses on his behalf, the jury was instructed at trial to include those items in Mrs. Wills's award. See Webber v. Jordan, 366 So.2d 51 (Fla. 2d DCA 1978), cert. denied, 374 So.2d 102 (Fla. 1979). Accordingly, these "tangible" losses are not involved in the present issue concerning the husband's right of recovery.
[2] While the reason for the failure to offer the deposition of the absent Wills does not appear in the record, we were told at oral argument that it was a tactical decision to avoid prolonging the trial with what counsel considered to be merely cumulative evidence. This does not explain, however, why counsel did not seek to reopen the case to offer the deposition after the trial court indicated his proposed ruling  an action which may have obviated this appeal. See Sobel v. Jefferson Stores, Inc., 459 So.2d 433, 434 (Fla. 3d DCA 1984). In addition, we note, but of course need not decide, the question of whether a party who is more than 100 miles from the place of trial is precluded from using his deposition on that basis under Fla.R.Civ.P. 1.330(a)(3)(B), on the ground that he has "procured" his own absence. See 8 C. Wright and A. Miller, Federal Practice and Procedure § 2147 (1970).
[3] Any assessment must be reduced by the 50% comparative negligence already determined by the jury.