636 So.2d 746 (1994)
W.R. GRACE & CO.  Conn., Appellant,
v.
Joan DOUGHERTY, individually and as personal representative of the estate of Arthur J. Dougherty, Appellee.
OWENS-CORNING FIBERGLASS CORP., Appellant,
v.
Joan DOUGHERTY, individually and as personal representative of the estate of Arthur J. Dougherty, Appellee.
Nos. 92-04290, 92-04328.
District Court of Appeal of Florida, Second District.
January 19, 1994.
Rehearing Denied March 31, 1994.
*747 Jonathan C. Hollingshead and Lora A. Dunlap of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for appellant/W.R. Grace & Co.  Conn.
Richard M. Crump of Crosby, Saad, Beebe, Cavender & Crump, Mobile, AL, Larry L. Simms, Jerry S. Fowler, Jr., and Mark Snyderman of Gibson, Dunn & Crutcher, Washington, DC, for appellant/Owens-Corning Fiberglass Corp.
Robles & Gonzalez, P.A., Sam Daniels of Paul Landy, Beiley & Harper, P.A., Miami, for appellee.
PARKER, Judge.
W.R. Grace & Co.  Conn. (Grace) and Owens-Corning Fiberglass Corporation (Owens-Corning) appeal a final judgment which awarded damages to Arthur and Jean Dougherty in a negligence action involving asbestos. The Doughertys initiated litigation against forty-eight parties who manufactured asbestos-containing products. The Doughertys introduced expert medical evidence at trial which indicated that asbestos exposure over a short period of time could create a condition leading to mesothelioma years after the initial exposure. Mr. Dougherty died of mesothelioma shortly after this trial. For reasons not available in this record, the Doughertys received $87,400 in settlement from other defendants, and only Grace and Owens-Corning remained as defendants at the time of trial. The jury awarded noneconomic damages of $3,000,000 and apportioned negligence at forty-five percent for Grace, thirty-five percent for Owens-Corning, and twenty percent for Mr. Dougherty.
Grace and Owens-Corning argue that the trial court erred by denying Grace's request for jury instructions and a verdict form allocating liability among all negligent parties. Further, Grace contends that the trial court erred by admitting two depositions of former employees and by submitting the issue of Grace's negligence to the jury when there was insufficient evidence of negligence. We affirm on all issues raised in this appeal.
The first issue that Grace and Owens-Corning raise is the trial court's failure to permit the jury to have instructions and a verdict form pursuant to section 768.81, Florida Statutes (1991) and Fabre v. Marin, 623 So.2d 1182 (Fla. 1993). We conclude that the trial court did not err because there was insufficient evidence to permit the jury to consider the liability of other nonparties. Mr. Dougherty testified to working as an *748 electrician on various construction sites for over forty years. In his answers to interrogatories, which were read into evidence, Mr. Dougherty named several companies which produced twenty-five asbestos-containing products used on his job sites, in addition to the products of Grace and Owens-Corning. A coworker of Mr. Dougherty testified that a type of pipe manufactured by Johns-Mansville was present on a job site where Mr. Dougherty was employed.
We recognize that the trial court must fully instruct the jury on the issues in the case, and where the theory of the case is supported by competent evidence, a party is entitled to an instruction on that theory when the instruction is properly requested. Simmons v. Roorda, 601 So.2d 609, 610 (Fla. 2d DCA 1992). However, the evidence in this case was not sufficient to have permitted the jury to have received instructions and a verdict form pursuant to Fabre. Fabre permits a jury to determine each party's and each nonparty's percentage of fault and how much that fault contributed to a plaintiff's injury. We conclude that the only way to determine fault in a trial is from the evidence presented to the jury. Therefore, there must be evidence of fault of a nonparty before a jury can determine the fault of that nonparty.
In applying the principles of Fabre to asbestos litigation, we take note of what the supreme court said in Celotex Corp. v. Copeland, 471 So.2d 533 (Fla. 1985) regarding the different types of asbestos products.
Asbestos products ... have widely divergent toxicities, with some asbestos products presenting a much greater risk than others. This divergence is caused by a combination of factors, including: the specific type of asbestos fiber incorporated into the product; the physical properties of the product itself; and the percentage of asbestos used in the product. There are six different asbestos silicates used in industrial applications and each presents a distinct degree of toxicity in accordance with the shape and aerodynamics of the individual fibers. Further, it has been established that the geographical origin of the mineral can affect the substance's harmful effects. A product's toxicity is also related to whether the product is in the form of a solid block or a loosely packed insulating blanket and to the amount of dust a product generates. The product's form determines the ability of the asbestos fibers to become airborne and, hence, to be inhaled or ingested. The greater the product's susceptibility to produce airborne fibers, the greater the product's potential to produce disease. Finally, those products with high concentrations of asbestos fibers have corresponding high potentials for inducing asbestos-related injuries.
Celotex Corp., 471 So.2d at 538 (citations omitted). If Grace and Owens-Corning wanted the benefit of jury instructions and a verdict form which included other entities that manufactured asbestos products used on the job sites where Mr. Dougherty worked, then Grace and Owens-Corning needed to produce evidence establishing the specifics of different products, how often the products were used on the job sites, and the toxicity of those products as they were used. This evidence would permit the jury to assess more accurately each of the asbestos products of both parties and nonparties on a job site and the likelihood of injury from each of the products. Without that evidence, Grace and Owens-Corning have not satisfied the foundation necessary for a jury to receive jury instructions and a verdict form to decide the case pursuant to section 768.81, Florida Statutes (1991) and Fabre.
The second issue involves the introduction of the depositions of Earl Lovick and Thomas Egan, former employees of Grace. The trial court allowed the introduction of Lovick's deposition taken in 1983 and Egan's deposition taken in 1988. Lovick and Egan gave these depositions in cases pending in the federal district courts in South Carolina and Nebraska. At trial, Grace made the following objections to the admission of these depositions: (1) There was no showing that Dougherty could not depose Lovick and Egan in this case; (2) There was no relationship to the type of exposure Dougherty may have received from Grace's product and Lovick's testimony of exposures of workers at Grace's Libby, Montana, vermiculite mine in *749 the 1950's and 1960's; and (3) That Lovick's testimony was irrelevant to this case. If there were more detailed objections to this evidence, we have been unable to find them in the record.
On appeal, Grace argues that the admission of these depositions violates Florida Rule of Civil Procedure 1.330 and section 90.804(2)(a), Florida Statutes (1991) because they are hearsay. Grace presents a compelling argument supported by the rule, the statute, case law, and the commentary in Charles W. Ehrnhardt, Florida Evidence section 804.1 (1992), that the trial court should have admitted these depositions into evidence only after Dougherty's counsel satisfied the trial court that these witnesses were unavailable to testify and to give a deposition in this case. However, Grace did not make this objection to the trial court. "An appellate court will not consider arguments of legal error not raised before the trial court." Steinhorst v. Wainwright, 477 So.2d 537, 539 (Fla. 1985). As recognized by other appellate courts in this state, an appellate court may consider objections to admissibility of evidence only on grounds specifically stated at trial, and when the appellant raises a different ground on appeal, the point is not preserved. See Tallahassee Furniture Co., Inc. v. Harrison, 583 So.2d 744 (Fla. 1st DCA 1991); Johnson v. Canteen Corp., 528 So.2d 1364 (Fla. 3d DCA 1988); Palm Beach Aviation, Inc. v. Kibildis, 423 So.2d 1011 (Fla. 4th DCA 1982).
Finally, Grace argues that the trial court erred by submitting the issue of Grace's negligence to the jury. After reviewing the record, we conclude that the trial court did not err because there was sufficient evidence to permit the jury to decide whether Grace was negligent. Accordingly, we affirm.
FRANK, C.J., and HALL, J., concur.