PER CURIAM.
Owens-Illinois, Inc. appeals the trial court’s entry of a final judgment in favor of Dorothy Baione after a jury trial in an asbestos ease. Among other issues, Owens-Illinois seeks reversal of the trial court’s refusal to allow the jury to consider the apportionment of fault pursuant to Fabre v. Marin, 623 So.2d 1182 (Fla.1993), and Owens-Illinois wants this court to review the application of strict liability in the context of this case. We affirm on all issues raised.
This case was before this court on a prior appeal where we remanded the case for trial on the issues of strict liability and punitive damages. See Baione v. Owens-Illinois, Inc., 599 So.2d 1377 (Fla. 2d DCA 1992). At trial Owens-Illinois received a favorable verdict on the punitive damages claim and a favorable verdict on strict liability as it related to warnings. Baione was awarded damages on the strict liability issue as it relates to design of the product. After posttrial *4 motions were denied, the trial court entered a final judgment for Baione.
We affirm on the Fabre issue based on our earlier decision in W.R. Grace & Co.—Conn. v. Dougherty, 636 So.2d 746 (Fla. 2d DCA 1994). There was insufficient evidence before the jury to make an accurate assessment of the fault of other entities who manufactured asbestos products. Appellant’s claim that strict liability should not be applied to this case is also affirmed. See Linder v. Combustion Eng’g., Inc., 342 So.2d 474 (Fla.1977) and West v. Caterpillar Tractor Co., 336 So.2d 80 (Fla.1976). We also find no merit in the other two issues raised by Owens-Illinois.
FRANK, C.J., and BLUE and QUINCE, JJ., concur.