655 So.2d 170 (1995)
A.W. CHESTERTON and The Anchor Packing Company, Appellants,
v.
Kenneth Gene FISHER, As Personal Representative of the Estate of Kenneth E. Fisher, Individually and On Behalf of the Decedent's Survivor, Betty R. Fisher, Appellees.
Nos. 93-2346, 93-2400 and 94-15.
District Court of Appeal of Florida, Third District.
May 17, 1995.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Steven E. Stark, for appellant A.W. Chesterton.
Rumberger, Kirk & Caldwell and M. Stephen Smith and George N. Meros, Jr., for appellant The Anchor Packing Co.
Ferraro & Associates, James L. Ferraro and Marjorie N. Salem, for appellees.
Before COPE, GERSTEN and GODERICH, JJ.

ON MOTION FOR REHEARING
PER CURIAM.
We grant the plaintiffs' motion for rehearing, withdraw the opinion issued in this case on October 5, 1994, and substitute the following opinion in its place.
The defendants, A.W. Chesterton and The Anchor Packing Company, appeal from an adverse final judgment entered in favor of the plaintiffs, Kenneth Gene Fisher, as Personal Representative of the Estate of Kenneth E. Fisher, individually and on behalf of the decedent's survivor, Betty R. Fisher. We reverse.
Kenneth Fisher died of mesothelioma, a rare cancer often caused by exposure to asbestos. *171 The plaintiffs filed an amended complaint alleging a wrongful death action against the defendants. The defendants are manufacturers and sellers of packing and gasket materials. The plaintiffs had already settled with approximately twenty-six manufacturers of asbestos containing insulation.
At trial, the defendants attempted to use treatises and articles on the subject of asbestos exposure, including an article in the New England Journal of Medicine, to cross-examine the plaintiffs' pathology expert, Dr. Gerrit Schepers, pursuant to Section 90.706, Florida Statutes (1993).[1] These articles and treatises contained opinions that were contrary to Dr. Schepers' opinion. Dr. Schepers refused to recognize the publications or authors as authoritative. During the defendants' proffer, they requested the trial court to take judicial notice that the New England Journal of Medicine is authoritative. After the trial court refused to do so, the defendants requested that they be permitted to establish the publication as authoritative through other expert witnesses. The trial court also denied this request and ruled that the articles and treatises were not authoritative. As a result, the trial court limited the defendants' cross-examination of Dr. Schepers.
The defendants requested that the jury be given a verdict form that would allow the jury to apportion liability among all alleged tortfeasors including the twenty-six insulation manufacturers that had previously settled with the plaintiffs. The trial court denied this request. The jury found in favor of the plaintiffs apportioning fifty percent (50%) liability to each defendant. The defendants appeal from this adverse final judgment.
The defendants contend that the trial court abused its discretion by not allowing the defense to use treatises and articles, including an article in the New England Journal of Medicine, to cross-examine the plaintiffs' pathology expert, Dr. Schepers. We agree.
"If the expert witness does not recognize the author or publication on cross-examination to be authoritative, the burden of establishing the authoritativeness and relevance of the publication falls on the party offering the item." Michael H. Graham, Handbook of Florida Evidence § 706.1 (1987). This burden is easily satisfied. Id.
In the instant case, we find that the trial court abused its discretion in at least not allowing the defense the opportunity to establish the authoritativeness of these articles and treatises through other expert witnesses, as requested during its proffer. At least one article was published in a wellknown publication, the New England Journal of Medicine, and contained opinions that were contrary to Dr. Schepers' trial testimony. "[S]tatements contained in medical literature cannot be used to cross-examine a witness unless the literature is established to be a reliable authority by the testimony or admission of the witness or by other expert testimony or by judicial notice." Call v. Tirone, 522 So.2d 533, 534 (Fla. 3d DCA 1988) (emphasis added); see also Brown v. Crane, Phillips, Thomas & Metts, P.A., 585 So.2d 947, 948 (Fla. 2d DCA 1991); Michael H. Graham, Handbook of Florida Evidence § 706.1 (1987) ("A learned treatise may be established as a reliable authority by the testimony of a witness expert in the profession, art, or trade of the author called by the cross-examining party testifying as to the author's standing as an authority... ."). Accordingly, we reverse and remand for a new trial.
Based on the disposition of the previous issue, we do not need to address the remaining issues raised by the defendants on appeal. However, we choose to address one other point that we are certain will arise on *172 remand. At the time of trial, the trial court did not have the benefit of the Florida Supreme Court's decision in Fabre v. Marin, 623 So.2d 1182 (Fla. 1993). Fabre held that pursuant to Section 768.81(3),
judgment should be entered against each party liable on the basis of that party's percentage of fault.... Clearly, the only means of determining a party's percentage of fault is to compare that party's percentage to all of the other entities who contributed to the accident, regardless of whether they have been or could have been joined as defendants.
Fabre, 623 So.2d at 1185. Therefore, on remand if there is sufficient "evidence to consider the liability of other nonparties," the jury is to be instructed pursuant to Section 768.81(3), Florida Statutes (1993), and provided with jury instructions and a verdict form that permits the jury to apportion liability among all alleged tortfeasors. W.R. Grace & Co.  Conn. v. Dougherty, 636 So.2d 746, 747-48 (Fla. 2d DCA 1994).
Reversed and remanded for a new trial.
NOTES
[1] Section 90.706, Florida Statutes (1993), provides as follows:

Statements of facts or opinions on a subject of science, art, or specialized knowledge contained in a published treatise, periodical, book, dissertation, pamphlet, or other writing may be used in cross-examination of an expert witness if the expert witness recognizes the author or the treatises, periodical, book, dissertation, pamphlet, or other writing to be authoritative, or notwithstanding nonrecognition by the expert witness, if the trial court finds the author or the treatise, periodical, book, dissertation, pamphlet, or other writing to be authoritative and relevant to the subject matter.