665 So.2d 1116 (1996)
GARLOCK, INC., Appellant/Cross-Appellee,
v.
George HARRIMAN, et al., Appellees/Cross-Appellants.
No. 93-2932.
District Court of Appeal of Florida, Third District.
January 3, 1996.
*1117 Rumberger, Kirk & Caldwell, M. Stephen Smith, Lori A. Brown, Stuart L. Cohen, Miami, and George N. Meros, Jr., Tallahassee, for appellant/cross-appellee.
Ratiner, Reyes & O'Shea; Miami, Russo & Talisman and Patrice A. Talisman, Coconut Grove, for appellees/cross-appellants.
Before JORGENSON, COPE and GODERICH, JJ.

ON MOTION FOR CLARIFICATION
GODERICH, Judge.
We grant Garlock Inc.'s motion for clarification and substitute the following for our previous opinion filed on November 15, 1995.
The defendant, Garlock, Inc., appeals from an order striking its pleadings in over sixty personal injury asbestos litigation cases presently pending in the Eleventh Judicial Circuit.[1] The plaintiffs, George Harriman and Glendean Harriman [Harrimans], cross-appeal from the trial court's ruling allowing Garlock to introduce evidence of the comparative negligence of nonparties and allowing the jury to apportion liability between Garlock and nonparties. We affirm, in part, and reverse, in part.
The Harrimans filed a products liability action against Garlock stemming from its manufacturing of products allegedly containing asbestos. Discovery was conducted under an omnibus order establishing a master file entitled In re: Asbestos Litigation, Case No. 91-80000 (42). This omnibus order includes an order approving a set of "Master Preliminary Interrogatories to Defendants." The omnibus order further provides that "[a]ny interrogatories answered by a Defendant in one case shall be applicable to all cases." The omnibus order allows a defendant to object to any interrogatory; however, the defendant must answer in full each and every interrogatory, with the exception of objections which relate to trade secrets and/or privilege.
The Harrimans' attorney, Ratiner & Reyes, P.A., served Garlock with the "Master Preliminary Interrogatories to Defendants" under Case No. 91-80000. As provided by the omnibus order, Garlock's responses to these interrogatories would apply to all cases in which it was a defendant.
Garlock filed its answers to these interrogatories. Thereafter, Ratiner & Reyes requested that Garlock voluntarily give better answers to several interrogatories. After Garlock failed to do so, Ratiner & Reyes filed a motion to compel better answers. At the *1118 hearing, Garlock agreed to an order granting the motion to compel. Since Garlock failed to comply with this order, Ratiner & Reyes filed a second motion to compel requesting that sanctions be imposed against Garlock for its noncompliance. The trial court once again ordered Garlock to provide better answers and warned Garlock that any further delay would warrant sanctions. Once again, Garlock failed to comply with the order. Ratiner & Reyes filed a third motion to compel. As in the previous two motions to compel, the third motion was filed under Case No. 91-80000 and "on behalf of various plaintiffs." This third motion to compel requested that the trial court impose sanctions, including the striking of Garlock's pleadings. A few days later, Garlock served its Modified and Supplemental Answers to Plaintiffs' Master Preliminary Interrogatories; however, these modifications were also inadequate. The trial court sanctioned Garlock by awarding costs to Ratiner & Reyes for the preparation of the three motions. The trial court once again ordered Garlock to adequately respond to the interrogatories within ten days and warned Garlock that if it failed to do so, it would strike its pleadings. Garlock failed to respond within ten days. As a result of Garlock's failure to comply, the trial court entered an order striking all of Garlock's "pleadings as to Ratiner & Reyes, P.A.'s presently pending personal injury asbestos litigation cases in the 11th Judicial Circuit." This order had the effect of not only striking Garlock's pleadings in the instant case, but also striking Garlock's pleadings in over sixty other asbestos cases filed by Ratiner & Reyes on behalf of other plaintiffs.
As a result of the trial court striking Garlock's pleadings, Garlock was forced to defend this action without the benefit of its affirmative defenses. Over the Harrimans' objection, the trial court ruled that it would allow Garlock to present evidence that the damages were caused by other nonparty asbestos manufacturers and would allow the jury to apportion liability between Garlock and twenty-one other manufacturers identified in the exposure sheet attached to the Harrimans' complaint. The jury awarded the Harrimans a total of $32,600 apportioning 56% liability to Garlock and 2% liability to the remaining twenty-one other nonparty manufacturers. At Garlock's request, the trial court granted Garlock a set-off of $23,350 for amounts the Harrimans had received in settlement from other entities. The trial court entered final judgment in favor of the Harrimans for $9,250. These appeals follow.
Garlock contends that the trial court erred in striking its pleadings in the instant case and the pleadings in all other presently pending asbestos litigation cases filed by Ratiner & Reyes, P.A. on behalf of other plaintiffs. We agree, in part.
In Mercer v. Raine, 443 So.2d 944, 946 (Fla. 1983), the Florida Supreme Court held that
the striking of pleadings or entering a default for noncompliance with an order compelling discovery is the most severe of all sanctions which should be employed only in extreme circumstances. Hart v. Weaver, 364 So.2d 524 (Fla. 2d DCA 1978). A deliberate and contumacious disregard of the court's authority will justify application of this severest of sanctions, Swindle v. Reid, 242 So.2d 751 (Fla. 4th DCA 1970), as will bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness, Herold v. Computer Components International, Inc., 252 So.2d 576 (Fla. 4th DCA 1971).
In the instant case, on three separate occasions, the trial court ordered Garlock to file better answers to the interrogatories. Garlock, however, failed to comply with these orders. Prior to striking Garlock's pleadings, the trial court had already sanctioned Garlock by awarding costs to Ratiner & Reyes for the preparation of the three motions. Thereafter, the trial court warned Garlock that if it failed to file better answers, it would strike its pleadings. Garlock, however, still failed to comply with the trial court's order. After finding that Garlock's noncompliance was flagrant, the trial court struck Garlock's pleadings. Under the circumstances, we find that the trial court correctly struck Garlock's pleadings in the Harrimans' case and in any other case that was presently set for trial. However, as to the *1119 remaining cases that were not set for trial, because "the striking of pleadings ... is the most severe of all sanctions which should be employed only in extreme circumstances," Mercer, 443 So.2d at 946, we find that the trial court erred in striking those pleadings since the plaintiffs in those other cases were not prejudiced as a result of the delay.
Next, the Harrimans argue that the trial court erred in allowing the jury to apportion liability between Garlock and twenty-one other manufacturers. We agree.
In Fabre v. Marin, 623 So.2d 1182, 1185 (Fla. 1993), the Florida Supreme Court held that pursuant to Section 768.81(3),
judgment should be entered against each party liable on the basis of that party's percentage of fault.... Clearly, the only means of determining a party's percentage of fault is to compare that party's percentage to all of the other entities who contributed to the accident, regardless of whether they have been or could have been joined as defendants.
However, if Garlock "wanted the benefit of jury instructions and a verdict form which included other entities that manufactured asbestos products" it "needed to produce evidence establishing the specifics of different products, how often the products were used on the job sites, and the toxicity of those products as they were used." W.R. Grace & Co.  Conn. v. Dougherty, 636 So.2d 746, 748 (Fla. 2d DCA 1994).
In the instant case, Garlock failed to introduce the type of evidence required by W.R. Grace. Therefore, Garlock did not satisfy "the foundation necessary for a jury to receive jury instructions and a verdict form to decide the case pursuant to section 768.81, Florida Statutes (1991) and Fabre." W.R. Grace, 636 So.2d at 748. Accordingly, we reverse and remand for entry of an amended judgment in accordance with Wells v. Tallahassee Memorial Regional Medical Center, Inc., 659 So.2d 249 (Fla. 1995).
We find that the remaining points raised by the parties lack merit.
Accordingly, we affirm, in part, reverse, in part, and remand for further proceedings.
NOTES
[1] Garlock's trial and appellate counsel, Rumberger, Kirk & Caldwell, P.A., was not representing Garlock at the time of the discovery violations.