695 So.2d 767 (1997)
Clare SNOOZY, as Personal Representative of the Estate and Survivors of Edward Snoozy, deceased, Appellant/Cross-Appellee,
v.
UNITED STATES GYPSUM COMPANY, Appellee/Cross-Appellant.
No. 96-1126.
District Court of Appeal of Florida, Third District.
April 23, 1997.
Rehearing Denied July 9, 1997.
*768 Robles & Gonzalez, Ervin A. Gonzalez, Juan P. Bauta, II, and Stewart D. Fried, Miami, for appellant/cross-appellee.
Hawkins & Parnell, Albert H. Parnell, J. Bruce Welch, and Jennifer A. Grandoff, Atlanta, GA, for appellee/cross-appellant.
Before SCHWARTZ, C.J., and COPE and GODERICH, JJ.
GODERICH, Judge.
The plaintiff, Clare Snoozy, as Personal Representative of the Estate and Survivors of Edward Snoozy, deceased, appeals and the defendant, United States Gypsum Company [USG], cross appeals from a final judgment. We affirm, in part; reverse, in part, and remand for further proceedings.
Edward Snoozy died of mesothelioma, an asbestos-related disease. Edward's wife, Clare Snoozy, filed suit against USG for the asbestos-related death of her husband on behalf of herself, her husband's estate, and their two children, Gerald Snoozy, age 21, and Janet Tillman, age 19. In its answer and affirmative defenses, USG affirmatively pled, in part, that third parties should be listed on the verdict form for purposes of apportionment of fault.
After a two-week trial by jury, the jury found USG liable on the issues of negligence and strict liability. The jury attributed 25% of the fault to USG and 75% to "others." The jury awarded both economic and non-economic damages to Clare Snoozy, economic damages to the estate of Edward Snoozy for net accumulations, but zero damages to Gerald and Janet.
Subsequently, the trial court granted the plaintiff's motion for directed verdict as to non-party "others," on the basis that USG had failed to sufficiently establish the necessary foundation for the jury to determine the issue of fault of non-parties. The trial court then entered final judgment for the total damages awarded by the jury less the settlement proceeds received from the defendants who had settled prior to trial.
The plaintiff then filed a motion for a new trial on damages only on the basis that the jury had an obligation to award Gerald Snoozy and Janet Tillman damages where there had been a finding of negligence and strict liability against USG and where the record was replete with evidence of the loss of companionship and fellowship of their father.
The plaintiff contends that the trial court erred in denying the motion for new trial on the issue of the children's damages. We agree.
Under the Florida Wrongful Death Act, both Janet and Gerald are considered minor children. See § 768.18(2), Florida Statutes (1995). Pursuant to section 768.21(3), Florida Statutes (1995), a minor child may "recover for lost parental companionship, instruction, and guidance and for mental pain and suffering...." In the instant case, there was substantial, undisputed, and unrebutted testimony that Edward was a dedicated father who played an active role in the lives of his children, that Edward had a close relationship with his children, and that Gerald and Janet suffered a great loss as a result of their father's death. Because the record contained no evidence that would warrant a zero verdict for Gerald and Janet, we find that the trial court erred in denying the motion for new trial. See Smith v. Houston, 551 So.2d 551 (Fla. 2d DCA 1989), review denied, 564 So.2d 1086 (Fla.1990), and review denied, 564 So.2d 1087 (Fla.1990); Lofley v. *769 Insultech, Inc., 527 So.2d 902 (Fla. 2d DCA 1988); Wills v. Snapper Creek Nursing Home, Inc., 465 So.2d 562 (Fla. 3d DCA), review denied, 476 So.2d 675 (Fla.1985); see also Cedars of Lebanon Hosp. Corp. v. Silva, 476 So.2d 696 (Fla. 3d DCA 1985). Accordingly, we reverse and remand for a new trial as to the children's damages only.
USG contends on cross-appeal that the trial court erred in granting the plaintiff's motion for directed verdict. We disagree.
The issue of apportionment of fault between all potential tortfeasors was addressed in Fabre v. Marin, 623 So.2d 1182 (Fla.1993). The Fabre court held that pursuant to section 768.81(3), Florida Statutes,
judgment should be entered against each party liable on the basis of that party's percentage of fault.... Clearly, the only means of determining a party's percentage of fault is to compare that party's percentage to all of the other entities who contributed to the accident, regardless of whether they have been or could have been joined as defendants.
Fabre, 623 So.2d at 1185; Garlock, Inc. v. Harriman, 665 So.2d 1116, 1119 (Fla. 3d DCA 1996)(quoting Fabre, 623 So.2d at 1185); A.W. Chesterton v. Fisher, 655 So.2d 170, 172 (Fla. 3d DCA 1995)(quoting Fabre, 623 So.2d at 1185). In W.R. Grace & Co. Conn. v. Dougherty, 636 So.2d 746 (Fla. 2d DCA), review denied, 645 So.2d 457 (Fla. 1994), the court stated that
[i]f [a defendant] want[s] the benefit of jury instructions and a verdict form which include[s] other entities that manufactured asbestos products used on the job sites ... then [the defendant] need[s] to produce evidence establishing the specifics of different products, how often the products were used on the job sites, and the toxicity of those products as they were used. This evidence would permit the jury to assess more accurately each of the asbestos products of both parties and nonparties on a job site and the likelihood of injury from each of the products. Without that evidence, [the defendant has] not satisfied the foundation necessary for a jury to receive jury instructions and a verdict form to decide the case pursuant to section 768.81, Florida Statutes (1991) and Fabre.

W.R. Grace, 636 So.2d at 748.
In the instant case, the jury apportioned 25% of the liability to USG and 75% of the liability to "others." The record, however, demonstrates that USG failed to introduce evidence as to the "specifics of different products, how often the products were used on the job sites, and the toxicity of those products as they were used." W.R. Grace, 636 So.2d at 748. Therefore, since USG failed to satisfy "the foundation necessary for a jury to receive jury instructions and a verdict form to decide the case pursuant to section 768.81," the trial court correctly granted the plaintiff's motion for directed verdict as to the nonparty "others."
Further, USG's reliance on State Farm Mutual Automobile Insurance Co. v. Lynch, 661 So.2d 1227 (Fla. 3d DCA 1995), is misplaced. In Lynch, there was testimony that the automobile accident occurred when the driver of the vehicle attempted to avoid a jogger. The trial court did not allow State Farm to place the jogger on the verdict form for the purpose of apportioning fault. This court reversed pursuant to Fabre finding that there was "sufficient evidence to permit the jury to consider the liability of the nonparty." Lynch, 661 So.2d at 1229. In the instant case, an asbestos case, there was insufficient evidence presented that would allow the jury to apportion fault between USG and "others."
Affirmed, in part; reversed in part, and remanded for a new trial only as to the minor children's damages.
COPE, J., concurs.
SCHWARTZ, C.J., dissents in part.
SCHWARTZ, Chief Judge (dissenting in part).
While I concur with the court's treatment of the damage issue, I do not agree that the pleadings and evidence were insufficient under Nash v. Wells Fargo Guard Services, Inc., 678 So.2d 1262 (Fla.1996) and W.R. Grace & Co.-Conn. v. Dougherty, 636 So.2d *770 746 (Fla. 2d DCA 1994), review denied, 645 So.2d 454, 645 So.2d 457 (Fla.1994), to permit the jury to apportion, as it did, fault between the appellant and "others." To the contrary, the testimony quite clearly established (a) the degree of the decedent's exposure during his working life respectively to the chrysotile-containing product manufactured by United States Gypsum and the amosite-containing asbestos products manufactured by other entities, (b) the relative likelihood that mesothelioma, the disease from which Snoozy suffered, is caused by each of the products, and (c) even the existence of both substances in his lungs on autopsy. Indeed, if anything, the record more strongly supports the liability of the amosite-manufacturing "others" than it does that of the appellant itself.
As the classic case of the unknown but clearly-shown-to-be-negligent "phantom driver" shows, it is not necessary to identify a contributing tort-feasor by name. See Fabre v. Marin, 623 So.2d 1182 (Fla.1993); State Farm Mut. Auto. Ins. Co. v. Lynch, 661 So.2d 1227 (Fla. 3d DCA 1995). The thrust of section 768.81(3), Florida Statutes (Supp. 1988), as explicated in Fabre v. Marin, 623 So.2d at 1182, is simply that, at least with respect to non-economic damages, one is liable only to the extent of her own responsibility, and not for the fault of others.[1]Y.H. Investments, Inc. v. Godales, 690 So.2d 1273 (Fla.1997), quashing, 667 So.2d 871 (Fla. 3d DCA 1996); Stellas v. Alamo Rent-A-Car, Inc., 673 So.2d 940 (Fla. 3d DCA 1996), review granted, 683 So.2d 485 (Fla.1996); Department of Corrections v. McGhee, 653 So.2d 1091, 1099-1101 (Fla. 1st DCA 1995)(Ervin, J., concurring and dissenting). But cf. Wal-Mart Stores, Inc. v. McDonald, 676 So.2d 12 (Fla. 1st DCA 1996), review granted, 687 So.2d 1304 (Fla.1996); Slawson v. Fast Food Enters., 671 So.2d 255 (Fla. 4th DCA 1996), review dismissed, 679 So.2d 773 (Fla.1996). In this case, I believe that the liability of the other asbestos manufacturers, for whose acts United States Gypsum is not to blame, was more than adequately established in the record. I would therefore uphold the jury's determination to that effect.
NOTES
[1] The same principle undergirds the comparative negligence doctrine.