, SHEVIN, Judge.
CAC-Ramsay, Inc., and Dr. Garay appeal a final judgment -finding them liable in the medical malpractice action brought against them and others, by Daniel Mull, individually and as personal representative of the Estate of. Dolores Mull. We reverse the judgment as to CAC-Ramsay; we affirm the judgment as to .Dr. Garay.
Dolores Mull visited a CAC-Ramsay, Inc., clinic for treatment of upper abdominal pain. Mrs. Mull was not a CAC subscriber; she was a Medicare patient, and Medicare was billed for this visit. ■ The physician performing the initial examination decided Mrs. Mull required surgery. She was scheduled to see Dr. Garay, who provided surgical services for CAC. After her initial visit with Dr. Garay at CAC, Mrs. Mull would visit Dr. Garay at his private office. Ultimately, Dr. Garay operated on Mrs. Mull at' a non-CAC facility. Mrs. Mull continued to see Dr. Garay at his private office for post-operative care. CAC was not involved with the surgical procedure, did not authorize the procedure, did not bill Medicare for the procedure, and received no remuneration for the procedure.
Dr. Garay negligently performed the surgery on Mrs. Mull, and her post-operative condition deteriorated steadily; ultimately, Mrs. Mull died as a result of complications caused by Dr. Garay’s negligent care and treatment. Mr. Mull sued CAC. and Garay to recover damages caused by Garay’s negligence. CAC’s motion for directed verdict was denied. The jury found in Mull’s favor. CAC and Garay appeal.
CAC argues that the court erred in denying its directed verdict motion because it is not liable under any theory for Dr. Garay’s negligence committed at an independent facility on a non-subscriber, independent patient. We agree.
In Orlando Reg’l Med. Ctr. v. Chmielewski 573 So.2d 876 (Fla. 5th DCA 1990), review denied, 583 So.2d 1034 (Fla.1991), the court found, the hospital liable because the patient received emergency medical care from an emergency room physician at the defendant hospital. In this case, however, Mrs. Mull was the victim of malpractice com *930 mitted by a physician she was seeing on a private basis, during and after a procedure at a non-CAC hospital. CAC did not authorize the surgery, did not bill and did not receive any compensation for the surgery or care. There is no basis for holding CAC vicariously liable for Mrs. Mull’s injuries. See also Irving v. Doctors Hosp. of Lake Worth, Inc., 415 So.2d 55 (Fla. 4th DCA), review denied, 422 So.2d 842 (Fla.1982). CAC was entitled to a directed verdict.
Dr. Garay asserts on appeal that he is entitled to a new trial on liability because the court refused his request to instruct the jury on apportionment of fault and to include non-parties on the verdict form pursuant to Fabre v. Marin, 623 So.2d 1182 (Fla.1993). There is no merit to his contention.
If a defendant wants a Fabre defendant on the verdict form, the defendant must see to it that there is legally sufficient evidence in the record from which the jury can find that the Fabre defendant was at fault. If there is no such evidence, the defendant is not entitled to have the Fabre defendant placed on the verdict form.
Southern Bell Tel. & Tel. Co. v. Florida Dept. of Transp., 668 So.2d 1039, 1041 (Fla. 3d DCA), review dismissed, 671 So.2d 788 (Fla.1996); see Snoozy v. U.S. Gypsum Co., 695 So.2d 767 (Fla. 3d DCA), review denied 700 So.2d 688 (Fla.1997). The record demonstrates that no evidence was presented to warrant the placement of Fabre defendants on the verdict form.
Moreover, we are unpersuaded by Dr. Garay’s contention that the verdict is excessive due to prejudice stemming from improper and inflammatory arguments by Mull’s counsel. ' “[E]ven improper argument will not require a new trial if the remarks are not so egregious as to interfere with the essential justice of the result.” Rohrback v. Dauer, 528 So.2d 1362, 1363 (Fla. 3d DCA 1988); B.G. Wasden v. Seaboard Coast Line RR., 474 So.2d 825 (Fla. 2d DCA 1985); Clark v. Yellow Cab Co. of Miami, 195 So.2d 39 (Fla. 3d DCA 1967). Accordingly, we decline to reverse the verdict on this basis.
Based on the foregoing, we reverse the judgment as to CAC-Ramsay and affirm the judgment as to Dr. Garay.
Reversed in part; affirmed in part.