861 So.2d 87 (2003)
Yves J. LAGUEUX, Appellant,
v.
UNION CARBIDE CORPORATION, Appellee.
No. 4D03-383.
District Court of Appeal of Florida, Fourth District.
November 26, 2003.
Rehearing Denied January 12, 2004.
*88 Joel S. Perwin of Podhurst, Orseck, P.A., Miami, David A. Jagolinzer and James L. Ferraro of Ferraro & Associates, P.A., Miami, and John A. Sivinski of Kelley & Ferraro, LLP, Cleveland, Ohio, for appellant.
David R. Venderbush of Alston & Bird LLP, New York, NY, Michelle Jerusalem Cole, Charlotte, NC, and John Pelzer of Ruden, McClosky, Smith, Schuster & Russell, Fort Lauderdale, for appellee.
GROSS, J.
This was a negligence and strict liability asbestos case. After a jury trial, appellant, Yves Lagueux, prevailed against defendant/appellee Union Carbide Corporation. However, the jury allocated 70% of the fault in the case between non-parties Johns-Manville, Inc., Phillip Carey, Inc., and Georgia-Pacific.
We hold that Union Carbide did not produce specific evidence sufficient under Fabre v. Marin, 623 So.2d 1182 (Fla. 1993), receded from in part by Wells v. Tallahassee Memorial Regional Medical Center, Inc., 659 So.2d 249 (Fla.1995), and W.R. Grace & Co.-Conn. v. Dougherty, 636 So.2d 746 (Fla. 2d DCA 1994) to justify the inclusion of the non-parties Johns-Manville and Phillip Carey in the jury instructions and on the verdict form.
Addressing apportionment of liability, section 768.81 provides that "the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability." § 768.81(3), Fla. Stat. (2002). In Fabre, the supreme court construed section 768.81 and wrote: "Clearly, the only means of determining a party's percentage of fault is to compare that party's percentage to all of the other entities who contributed to the accident, regardless of whether they have been or could have been joined as defendants." 623 So.2d at 1185.
To include non-parties on a verdict form for the purpose of apportioning liability, a defendant must plead the negligence of a non-party as an affirmative defense and specifically identify the non-party. See Nash v. Wells Fargo Guard Servs., Inc., 678 So.2d 1262, 1264 (Fla.1996). In addition, there must be evidence of the non-party's fault before the issue can go to the jury. Id. (citing Dougherty, 636 So.2d at 748). As the second district has explained,
[i]f [the defendant] want[s] the benefit of jury instructions and a verdict form which include[s] other entities that manufactured asbestos products used on the job sites where [the plaintiff] worked, then [the defendant] need[s] to produce evidence establishing the specifics of different products, how often the products were used on the job sites, and the toxicity of those products as they were used.

*89 This evidence would permit the jury to assess more accurately each of the asbestos products of both parties and nonparties on a job site and the likelihood of injury from each of the products. Without that evidence, [the defendant has] not satisfied the foundation necessary for a jury to receive jury instructions and a verdict form to decide the case pursuant to section 768.81, Florida Statutes (1991) and Fabre.

Dougherty, 636 So.2d at 748 (emphasis added); see also Nash, 678 So.2d at 1264; Snoozy v. U.S. Gypsum Co., 695 So.2d 767, 769 (Fla. 3d DCA 1997).
Based on a thorough reading of the record, we find that Union Carbide failed to provide the necessary and specific evidence described in Dougherty. The scant evidence offered by Union Carbide was not enough to "permit the jury to assess more accurately each of the asbestos products of both parties and non-parties on a job site and the likelihood of injury from each of the products." 636 So.2d at 748. Without guessing, the jury would have been unable to ascertain Johns-Manville and Phillip Carey's percentage of fault; although the jury was informed that Georgia-Pacific used asbestos from these two companies around the same time that it used Union Carbide's product, no evidence pointed to a specific time frame and percentage of usage in comparison to Union Carbide.
This case is similar to Snoozy. There, the decedent's estate filed suit against U.S. Gypsum for the decedent's asbestos-related death. 695 So.2d at 768. One of U.S. Gypsum's affirmative defenses was that other non-parties were responsible. Id. At trial, the jury returned a verdict attributing 25% fault to U.S. Gypsum and 75% to "others." Id. After trial, the circuit court granted the estate's motion for directed verdict, finding that U.S. Gypsum failed to "sufficiently establish the necessary foundation for the jury to determine the issue of fault of non-parties." Id. The third district affirmed, holding that U.S. Gypsum did not introduce the essential evidence required by Dougherty. It stated:
In the instant case, the jury apportioned 25% of the liability to [U.S. Gypsum] and 75% of the liability to "others." The record, however, demonstrates that [U.S. Gypsum] failed to introduce evidence as to the "specifics of different products, how often the products were used on the job sites, and the toxicity of those products as they were used." [Dougherty,] 636 So.2d at 748. Therefore, since [U.S. Gypsum] failed to satisfy "the foundation necessary for a jury to receive jury instructions and a verdict form to decide the case pursuant to section 768.81," the trial court correctly granted the plaintiff's motion for directed verdict as to the nonparty "others."
Id. at 769; see also Owens-Ill., Inc. v. Baione, 642 So.2d 3, 4 (Fla. 2d DCA 1994) (affirming the trial court's determination that the defendant provided insufficient evidence under Dougherty.)
For these reasons we reverse the judgment and remand with instructions to enter judgment for Lagueux in the amount of $1,620,000. This amount takes into account a 10% set-off for the fault attributable to Georgia-Pacific, which Lagueux does not challenge on appeal.
On the cross-appeal, we find no reversible errors.
REVERSED.
STEVENSON and TAYLOR, JJ., concur.