907 So.2d 1213 (2005)
MIAMI-DADE COUNTY, Florida, Appellant,
v.
Manuel MERKER, etc., Appellee.
No. 3D04-155.
District Court of Appeal of Florida, Third District.
June 22, 2005.
Rehearing Denied August 24, 2005.
*1214 Robert A. Ginsburg, Dade County Attorney, and Eric K. Gressman, Assistant County Attorneys, for appellant.
Ginsberg & Schwartz and Arnold Ginsberg; and Ratiner & Lagos, Miami, for appellee.
Before LEVY, C.J., and CORTIÑAS, and ROTHENBERG, JJ.
PER CURIAM.
The instant case arose from an accident involving a County transit bus upon which Ms. Merker was riding. Ms. Merker was wheelchair bound and rode the County transit bus to get to and from her job. The evidence reflects that on the day in question Ms. Merker's wheelchair was latched to the bus but that she was not wearing a bus lap belt. Instead, Ms. Merker was secured only by her wheelchair belt strap. The trial testimony reflects that a vehicle cut the transit bus off, forcing the bus driver to utilize the emergency brake. As a result of the sudden stop, Ms. Merker was thrown from her wheelchair, and sustained multiple fractures to her lower extremities. Ms. Merker was immediately taken to the hospital, and remained there for several months with additional medical conditions. Ultimately, Ms. Merker expired.
Mr. Merker brought a Wrongful Death action against the County,[1] claiming that the County's negligence, in failing to assure that Ms. Merker was strapped by the bus lap belt, was the legal cause of Ms. Merker's death. At trial, evidence was presented that the bus was cut-off by another, unknown driver, forcing the bus to make the sudden stop which caused Ms. Merker to be ejected from her seat. Additionally, conflicting evidence was presented on the issue relating to the lap belt, i.e., whether Ms. Merker declined to wear the County bus lap belt or whether the County bus lap belt did not fit and the County was aware that the bus driver previously requested a lap belt extension.[2] The jury heard conflicting testimony from several experts regarding the cause of Ms. Merker's death. Most agreed, however, that the major contributing factor to Ms. Merker's cause of death was respiratory failure. The jury returned a verdict against the County, finding the County 100 percent negligent and specifically finding that neither Ms. Merker nor the second driver contributed to the negligence.
Mr. Merker filed a Motion for New Trial, challenging the jury's finding that he, *1215 as the surviving spouse, did not sustain any damages. The County filed a Motion for New Trial on the Issue of Liability, and a Motion for Judgment Notwithstanding the Verdict, alleging that the manifest weight of the evidence showed that Ms. Merker and the Fabre[3] defendant driver were contributorily negligent. After a hearing on the motions, the trial court entered the Order on appeal. Specifically, the trial court granted Mr. Merker's Motion for New Trial on the issue of damages as it pertains to his claim as surviving husband; denied the County's Motion for Judgment Notwithstanding the Verdict; and granted in part the County's Motion for New Trial on the issue of liability as it relates to the contributory negligence claim. Mr. Merker initially appealed from the Order and the County cross-appealed. Mr. Merker voluntarily dismissed his appeal. Thus, only the County's cross-appeal remains.
We affirm the trial court's Order in its entirety.

NEW TRIAL ON MR. MERKER'S CLAIM
The first issue raised by the County addresses the portion of the Order granting Mr. Merker's Motion for New Trial on the issue of damages as they pertain to Mr. Merker's consortium claim.
When reviewing an order granting a new trial, an appellate court must recognize the broad discretionary authority of the trial judge, and apply the reasonableness test to determine whether the trial judge committed an abuse of discretion; if the appellate court determines that reasonable persons could differ as to the propriety of the action taken by the trial court, there can be no finding of an abuse of discretion. See Brown v. Estate of Stuckey, 749 So.2d 490 (Fla.1999); Allstate Ins. Co. v. Manasse, 707 So.2d 1110, 1111 (Fla.1998); Dolphin Cruise Line, Inc. v. Stassinopoulos, 731 So.2d 708, 710 (Fla. 3d DCA 1999); Currie v. Palm Beach County, 578 So.2d 760, 764 (Fla. 4th DCA 1991). Generally, where the evidence is undisputed or substantially undisputed that a plaintiff has experienced and will experience pain and suffering as a result of an accident, a zero award for pain and suffering is inadequate as a matter of law. See Dolphin Cruise Line, Inc., 731 So.2d at 710; Ramey v. Winn Dixie Montgomery, Inc., 710 So.2d 191, 193 (Fla. 1st DCA 1998).
With respect to the issue regarding Mr. Merker's claim, the trial court found that "[t]he jury verdict awarding zero damages to surviving husband, MANUEL MERKER, is inadequate as a matter of law and cannot stand." The jury awarded the Estate of Ms. Merker $500,000 in medical damages, and returned a zero dollars verdict with respect to Mr. Merker's consortium claim. The trial court found that the award was against the manifest weight of the evidence "given the unrebutted and undisputed evidence of love and affection between Mr. Merker and the decedent." In Snoozy v. United States Gypsum Co., 695 So.2d 767 (Fla. 3d DCA 1997), this Court reversed an Order denying plaintiffs', the decedent's children, Motion for New Trial. In Snoozy, a jury returned a verdict against the defendant, finding that defendant was responsible for decedent's death. The jury awarded economic and noneconomic damages to Mrs. Snoozy, the decedent's wife, and economic damages to *1216 the decedent's estate, but returned a zero verdict for the decedent's adult children. Snoozy, 695 So.2d at 768. The plaintiffs moved for a new trial on the issue of damages, arguing that the jury had an obligation to award the children damages where there was a finding of negligence and strict liability against the defendant, and where the Record was replete with evidence of the loss of companionship and fellowship of their father. Id. On appeal, this Court found that the record did not support a zero verdict for the children. "[T]here was substantial, undisputed, and unrebutted testimony that [decedent] was a dedicated father who played an active role in the lives of his children, that [decedent] had a close relationship with his children, and that [the children] suffered a great loss as a result of their father's death." Id. Consequently, the Court reversed and remanded the matter for a new trial as to the children's damages. Id. at 769.
In the instant case, the trial court found that "[t]he verdict returned by the jury, as to the claim of [Mr. Merker], is against the manifest weight of the evidence given the unrebutted and undisputed evidence of love and affection between Mr. Merker and the decedent[.]" The Record supports the trial court's finding. At trial, the plaintiffs presented the testimony of Ronald Merker, the Merker's middle son, and the testimony of Mr. Merker. Both testified that Mr. Merker and Ms. Merker shared a loving relationship, traveled, socialized and, in short, spent a lot of time enjoying each other's company.
Accordingly, the trial court's Order on this point is affirmed.

NEW TRIAL LIMITED TO LIABILITY ON COUNTY'S CONTRIBUTORY NEGLIGENCE CLAIM
The County also argues that a new trial on damages is necessary in light of the trial court's Order granting a new trial on liability relating to the County's contributory negligence claim.
The issue of apportionment of fault between potential tortfeasors requires that judgment be entered against each party liable on the basis of that party's percentage of fault, comparing each party's percentage of fault to the other entities who contributed to the accident, regardless of whether the parties were joined as defendants. Fabre v. Marin, 623 So.2d 1182, 1185 (Fla.1993). While apportionment of fault/liability is a question to be left to the jury, see Rowlands v. Signal Constr., 549 So.2d 1380, 1383 (Fla.1989), the issue of damages, however, which was already determined by the jury in the instant case, may be apportioned by the trial court according to each defendant's percentage of liability. See generally Nash v. Wells Fargo Guard Serv., Inc., 678 So.2d 1262, 1263 (Fla.1996)("[A] reversal precipitated by Fabre errors does not affect the determination of damages.").

CONCLUSION
In light of the foregoing, the trial court's Order is affirmed in all respects.
Affirmed.
NOTES
[1] Mr. Merker also filed suit against multiple treating physicians but only the claim against the County is before the Court.
[2] The evidence reflects that Ms. Merker routinely took this bus route.
[3] Fabre v. Marin, 623 So.2d 1182 (Fla.1993).