919 So.2d 580 (2006)
AMH APPRAISAL CONSULTANTS, INC. and Ann Marie McCarthy, Appellants,
v.
ARGOV GAVISH PARTNERSHIP, Appellee.
Nos. 4D04-4681, 4D05-783.
District Court of Appeal of Florida, Fourth District.
January 11, 2006.
*581 Jack R. Reiter and Stephanie G. Kolman of Adorno & Yoss, LLP, Miami, for appellants.
Ronald M. Gaché and Lisa G. Quarrie of Broad and Cassel, West Palm Beach, for appellee.
KLEIN, J.
Appellee Argov, the owner of a building which was destroyed in a fire, sued appellants for negligently appraising the building too low for purposes of insurance and prevailed. One of the arguments raised by the appraiser is that the trial court erred in not allowing the jury to consider negligence of the insurance agent; however, we conclude that, in the absence of expert testimony, the agent could not be held responsible.
Relying on the appraisal provided by the appraiser to the agent, the owner insured a commercial building for $1.6 million. The building was totally destroyed in a fire a month later. When the owner discovered that the cost of rebuilding would substantially exceed the coverage, it brought this suit against the appraiser, asserting a negligent appraisal. The appraiser, among other defenses, alleged the insurance agent's negligence contributed to the insufficient amount of insurance coverage. The trial court did not submit the agent's negligence to the jury because there was no expert testimony to the effect that the agent was negligent. A jury found the appraiser liable, and she appeals.
In order to include a nonparty, such as this agent, on the verdict form under section 768.81(3), Florida Statutes (2002), and Fabre v. Marin, 623 So.2d 1182 (Fla.1993), the defendant has the burden of presenting sufficient evidence of the nonparty defendant's negligence. Nash v. Wells Fargo Guard Servs., 678 So.2d 1262, 1264 (Fla.1996); Lagueux v. Union Carbide Corp., 861 So.2d 87, 88 (Fla. 4th DCA 2003) (holding that evidence was not specific or sufficient to include Fabre defendant on verdict form).
There are no Florida cases determining when expert testimony is necessary to establish the standard of care of an insurance agent. Cases from other jurisdictions are collected at Necessity of Expert Testimony to Show Standard of Care in Negligence Action Against Insurance Agent or Broker, 52 A.L.R.4th 1232 (2004). These cases indicate that expert testimony is required in some, but not all, cases. It has been held that a claim based on a failure to procure requested coverage did not require expert testimony. Fillinger v. Northwestern Agency, 283 Mont. 71, 938 P.2d 1347 (1997). Nor was an expert necessary to establish negligence by an agent for failing to make premium payments on the client's behalf or warn that the client was not insured. Johnson & Higgins v. Blomfield, 907 P.2d 1371 (Alaska 1995). On the other hand it has been held that an expert would be necessary in order to find an insurance agent negligent for failing to interpret an insurance policy. Humiston Grain Co. v. Rowley Interstate Transp. Co., 512 N.W.2d 573 (Iowa 1994).
Experts are "possessed of special knowledge or skill." Fla. R. Civ. P. 1.390 (defining expert witnesses). The opinions of experts are admissible when the subject matter is beyond the understanding of the average layperson. Ward v. State, 519 So.2d 1082 (Fla. 1st DCA 1988). Real *582 estate appraisers are experts. See Fla. Dep't of Transp. v. Armadillo Partners, Inc., 849 So.2d 279 (Fla.2003). Insurance agents are also experts. Seascape of Hickory Point Condo. Ass'n v. Associated Ins. Servs., Inc., 443 So.2d 488 (Fla. 2d DCA 1984).
It is the position of the appraiser in this case that the insurance agent should have scrutinized the appraisal and recognized that it was too low. Given that appraising requires expertise, and that the insurance agent did not have that expertise, a jury could not have determined that the agent was negligent in the absence of an opinion of an expert. This was simply too esoteric to be understood by the average layperson.
We have considered the other issues raised by appellant and find them to be without merit. Affirmed.
SHAHOOD, J. and GERBER, JONATHAN D., Associate Judge, concur.