ON MOTION FOR CLARIFICATION
PER CURIAM.
On motion for clarification, we withdraw our slip opinion dated October 28, 2009, and substitute the following amended opinion:
Honeywell International, Inc. (“Honeywell”) appeals an adverse final judgment awarding Stephen Guilder (“Guilder”) and his children damages in the amount of $24,170,000.00, for injuries sustained from asbestos exposure. We reverse.
In the 1970’s and 1980’s, Guilder was exposed to chrysotile asbestos when he: remodeled an attic, worked as a road construction worker, and repaired automobiles. More than twenty years later, Guilder developed peritoneal mesothelio-ma, an extremely rare type of cancer that originates in the lining of the abdominal cavity called the peritoneum.
Guilder sued Honeywell, as the successor manufacturer of Bendix brake pads, Honda, BorgWarner, and several other defendants that settled before trial, for injuries sustained from asbestos exposure. Guilder sought to link his disease to his brief exposures to asbestos.
Shortly before trial, Honeywell filed various motions in limine. One motion sought to exclude or redact a Bendix employee’s letter to an asbestos supplier written in the late 1960’s on grounds of relevance. The trial judge denied this motion. The case then proceeded to trial.
After Honeywell rested, Guilder moved for directed verdict on Honeywell’s claim that the verdict form should include various third parties, such as Honda and Borg-Warner, as Fabre[1] defendants. The trial judge granted the motion and did not include the Fabre defendants on the verdict form. The jury awarded Guilder over $24 million in damages, which included $10.4 million for Guilder’s children for loss of parental consortium.
After trial, Honeywell moved for a new trial, or in the alternative for judgment in accordance with the prior motion for directed verdict and/or motion for remittitur. Honeywell also moved to alter or amend the judgment and for collateral source set-off. The trial judge denied all post-trial motions. Honeywell appealed.
On appeal, among others errors, Honeywell asserts the trial court erred in: (1) admitting the irrelevant, highly prejudicial letter; (2) excluding Fabre defendants from the verdict form; and (3) awarding Guilder’s children loss of parental consortium. Honeywell further asserts that it is entitled to a setoff reflecting the appropriate percentage of economic damages received from Guilder’s settlement with co-defendants.
On the other hand, Guilder contends that: (1) the letter was relevant, and not unduly prejudicial, or inflammatory; (2) the Fabre defendants were properly excluded from the verdict form; and (3) the loss of parental consortium award was proper. Guilder further contends that Honeywell is not entitled to setoff from any portion of the verdict. We agree with Honeywell.
*870 Turning to the first issue, relevant evidence is “evidence tending to prove or disprove a material fact.” See § 90.401, Fla. Stat. (2007). Although evidence may be relevant, it is not necessarily admissible. Relevant evidence is “inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.” See § 90.408, Fla. Stat. (2007).
Here, the Bendix employee’s letter to an asbestos supplier written in the late 1960’s was relevant to proving Honeywell’s knowledge of the dangers of asbestos in its products. However, we find that the portion that stated, “My answer to the problem is: if you have enjoyed a good life while working with asbestos products why not die from it. There’s got to be some cause[,]” was unfairly prejudicial. See § 90.408. Therefore, the trial judge erred in refusing to redact this portion of the letter for use at trial. See MCI Exp., Inc. v. Ford Motor Co., 832 So.2d 795 (Fla. 3d DCA 2002).
Next, we turn to the second issue concerning the exclusion of Fabre defendants on the verdict form. In Fabre, the Florida Supreme Court stated that “the legislature intended that damages be apportioned among all participants to the accident.” 623 So.2d at 1185. Further, “the only means of determining a party’s percentage of fault is to compare that party’s percentage to all of the other entities who contributed to the accident, regardless of whether they have been or could have been joined as defendants.” 623 So.2d at 1185.
Here, in order to present a Fabre issue, Honeywell had the burden to plead the fault of a non-party as an affirmative defense and to present sufficient evidence at trial to prove the non-party’s liability or fault by a preponderance of the evidence. See W.R. Grace & Co.-Conn. v. Dougherty, 636 So.2d 746, 748 (Fla. 2d DCA 1994). Honeywell pleaded the fault of non-parties as affirmative defenses and presented sufficient evidence of at least two non-parties. Therefore, we find that Honeywell satisfied Fabre, and was entitled to have the non-parties listed on the verdict form for apportionment purposes.
The third issue involves a question of statutory interpretation of a child’s right to parental consortium pursuant to section 768.0415, Florida Statutes (2006). Section 768.0415 provides that:
a person who, through negligence, causes significant permanent injury to the natural or adoptive parent of an unmarried dependent resulting in a permanent total disability shall be liable to the dependent for damages, including damages for permanent loss of services, comfort, companionship, and society. This section shall apply to acts of negligence occurring on or after October 1, 1988.
Since section 768.0415 allows for a cause of action against a person only for “acts of negligence occurring on or after” the statute’s effective date, we initially focus on the meaning of the term “acts of negligence” as used in the statute. Although the term negligence is capable of multiple meanings, the term “negligent act” is defined as “an act that creates an unreasonable risk of harm to another.” Black’s Law Dictionary 28 (9th ed. 2009). Therefore, here, the relevant negligent act is Guilder’s last known exposure to asbestos.
Further, based on our review of the statute’s legislative history, we find that the Legislature specifically limited section 768.0415’s application to negligent acts occurring on or after October 1,1988. Here, *871 Guilder’s last known exposure to asbestos was 1982. Therefore, we find that the loss of consortium damage award was improper.
The final issue is whether Honeywell was entitled to a setoff reflecting the appropriate percentage of economic damages received through settlement with the co-defendants. Settlement proceeds should be divided between economic and noneconomic damages in the same proportion as the jury’s award. See Wells v. Tallahassee Mem’l Reg’l Med. Ctr., Inc., 659 So.2d 249, 254 (Fla.1995).
Here, Guilder settled with several other defendants for $2,820,000.00. Honeywell was entitled to the setoff of those proceeds. Thus, the trial judge erred in failing to set off the settlement proceeds before entering the final judgment.
Because we are reversing the final judgment based on the aforementioned grounds, we need not address the other issues raised on appeal. Accordingly, we reverse the final judgment and remand for a new trial.
Reversed and remanded.

. Fabre v. Marin, 623 So.2d 1182 (Fla.1993).