668 So.2d 1039 (1996)
SOUTHERN BELL TELEPHONE & TELEGRAPH CO., Appellant,
v.
FLORIDA DEPARTMENT OF TRANSPORTATION, etc., Appellee.
No. 95-51.
District Court of Appeal of Florida, Third District.
February 14, 1996.
*1040 Hinshaw & Culbertson and Robert K. Tucker and David R. Hartnett, Miami, for appellant.
George V. Lanza, Coral Gables, for appellee.
Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin and Joel S. Perwin, Miami, for amicus curiae Academy of Florida Trial Lawyers.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.

On Motions for Rehearing
NESBITT, Judge.
We deny the Department of Transportation's motion for rehearing. We grant the Academy's motion to appear as amicus and grant its motion for clarification. We withdraw the opinions filed December 13, 1995 and January 24, 1996 and substitute the following:
Joseph Lavaniegos sued Florida Power & Light Company (FPL), Southern Bell Telephone & Telegraph Company (Southern Bell), Dade County, and the Florida Department of Transportation (DOT) for damages resulting from his alleged trip and fall over a utility guy anchor imbedded into the center of a concrete sidewalk located at the northeast corner of S.W. 107 Avenue and 72 Street in Dade County. After extensive discovery, Dade County, FPL, and DOT filed motions for summary judgments, all of which were granted by the lower court. Only the summary judgment ordered in DOT's favor is at issue here.
From 1984 through 1986, Dade County managed a road project at the intersection. In April 1986, the county, DOT, and P.J. Constructors performed a final inspection of the site and DOT thereafter accepted the project. The evidence demonstrated that sometime in 1986, the county requested Southern Bell relocate a utility anchor and guy wire from the northeast corner of the intersection to the northwest corner of the intersection. DOT approved a permit in July 1986. Subsequently, a second permit was approved in November 1986. The record does not reflect if or when the guy wire was relocated. Lavaniegos alleges that on November 26, 1990, he tripped over the imbedded guy anchor.
Based upon DOT's acceptance of the project, on December 15, 1994, the trial court *1041 granted final summary judgment in the county's favor. On the same date, after a hearing, the trial court also granted summary judgment in DOT's favor, pursuant to the department's argument that Lavaniegos had presented no evidence of its liability. At the hearing, Southern Bell had unsuccessfully argued that DOT owned and maintained the sidewalk and owed a duty to maintain it free of obstruction. Southern Bell timely filed this appeal following the order issued in DOT's favor.
Had the order before us been appealed by Lavaniegos, it would have most assuredly been reversible, as there were patently material questions of fact remaining to be resolved. See Camillo v. Department of Transp., 546 So.2d 4 (Fla. 3d DCA 1988), review denied, 547 So.2d 1209 (Fla.1989). However, while Lavaniegos chose not to seek review of the determination, codefendant Southern Bell chose to appeal the order.
Pensacola Interstate Fair, Inc. v. Popovich, 389 So.2d 1179 (Fla.1980) recognizes that a codefendant who has potential contribution rights against another codefendant has the right to review, in order to be exonerated by the codefendant. In Holton v. H.J. Wilson Co., 482 So.2d 341 (Fla.1986), the Supreme Court clarified that the time for seeking review of such a final order in favor of a codefendant had to be within thirty days of the date of rendition of the adverse derivative ruling.
Although not raised, a concern of the court is whether a codefendant, like Southern Bell, must have asserted a cross-claim for contribution against DOT as a predicate to preserve its right to review. Florida Rule of Civil Procedure 1.170(g) simply provides that "[a] pleading may state as a crossclaim any claim by one party against a co-party...." Trawick's Florida Practice and Procedure section 12.6 simply states that a cross-claim "is always permissive." The reason that the cross-claim is permissive is grounded in the substantive law because the right to contribution does not accrue until "two or more persons become jointly or severally liable...." § 768.31(2)(a), Fla.Stat. (1993). After the judgment has been so entered, "contribution may be enforced ... by motion notice to all parties to the action." § 768.31(4)(b), Fla.Stat. (1993). Consequently, we find no mandatory requirement that Southern Bell have asserted a cross-claim against DOT for contribution as predicate for its appeal here.
Finally, we reject the argument citing Fabre v. Marin, 623 So.2d 1182 (Fla. 1993), that absent the instant appeal and our reversal, Southern Bell would be protected by the fact that DOT's name might still be put on the verdict form. It could not. If a defendant wants a Fabre defendant on the verdict form, the defendant must see to it that there is legally sufficient evidence in the record from which the jury can find that the Fabre defendant was at fault. If there is no such evidence, the defendant is not entitled to have the Fabre defendant placed on the verdict form. See Garlock, Inc. v. Harriman, 20 Fla.L.Weekly D2511, 1995 WL 675424 (Fla. 3d DCA Nov. 15, 1995), clarified, 665 So.2d 1116 (Fla. 3d DCA 1996), (citing W.R. Grace & Co.-Conn. v. Dougherty, 636 So.2d 746 (Fla. 2d DCA 1994)); W.R. Grace & Co. v. Pyke, 661 So.2d 1301 (Fla. 3d DCA 1995) (same). Again, if the Fabre defendant is exonerated because there is no evidence of fault, that defendant does not go on the verdict form. Here, because the trial judge determined as a matter of law that DOT was not at fault, absent today's decision, Southern Bell would not be entitled to have DOT placed on the verdict form. Southern Bell and DOT are bound by the lower court's judgment. Absent the instant appeal and reversal, as between the parties to this action, Southern Bell would be collaterally estopped from asserting DOT's fault, either for the purpose of seeking contribution or for the purpose of having DOT appear on the verdict form in the underlying action so as to offset its liability. See Stogniew v. McQueen, 656 So.2d 917 (Fla.1995). This is why the instant appeal is the appropriate and necessary way for Southern Bell to preserve its rights and advance its position.
Accordingly, the order under review is reversed and the cause remanded.