713 So.2d 1107 (1998)
Annette WIMBUSH, Appellant,
v.
Jessie P. GADDIS and Michael R. Gaddis, jointly and severally, Appellees.
No. 97-3572.
District Court of Appeal of Florida, Fourth District.
July 22, 1998.
Darryl L. Lewis of Hutchinson & Lewis, P.A., Fort Lauderdale, for appellant.
Ace J. Blackburn, Jr., and Laura S. Douglas of Cooney, Mattson, Lance, Blackburn, Richards & O'Connor, P.A., Fort Lauderdale, for appellees.
BRYAN, BEN L., Associate Judge.
This case results from a slip and fall by the appellant, Annette Wimbush, on property owned by the appellees, Jessie P. Gaddis and Michael R. Gaddis, and leased to Airocar, Inc., a corporation apparently owned by appellees. Wimbush was an employee. She did not sue her employer. She sued the property owners alleging that the ramp on which she fell was slippery, had no handrails, was of insufficient size and slope, and improperly discharged into the parking lot. The Gaddises defended, saying they had surrendered possession and control of the premises upon leasing it, and lacked knowledge of any dangerous condition of the ramp. The Gaddises moved for summary judgment, asserting that they neither constructed the ramp nor were responsible for its maintenance. Wimbush filed an affidavit from a purported expert opining that the ramp's slope, elevation and surface violated county codes. She also asserted that there had been earlier slip and falls and that the Gaddises had knowledge of the ramp's condition. The trial court granted summary judgment.
An owner of real property is neither an insurer of the safety of persons on the property nor subject to strict liability for injuries. The crux of a cause of action for premises liability is not ownership, but failure of the possessor of the premises to use due care. A lessor may be liable in tort to third persons for injuries resulting from latent dangerous conditions of which the lessor (owner) knew, or should have known, existed on the leased premises when the lessor (owner) delivered possession without appropriate warnings. Such liability is not based on the fact that the lessor is the owner, but because the owner, as possessor, can be negligent in *1108 those particulars just as any other possessor. The lessor is not liable for injuries caused solely by the lessee's operations and activities on the leased premises. Bovis v. 7-Eleven, Inc., 505 So.2d 661 (Fla. 5th DCA 1987).
The lease provided that the lessee is responsible for all routine maintenance and repairs necessary to maintain the premises in good and safe condition. The lessor is "responsible for all other repairs to the roof and structure." The lessor had a right of entry and inspection. While the Gaddises were not responsible for the day-to-day operations, there is a genuine issue of material fact as to whether there were problems with the elevation and surface of the ramp, apart from general maintenance concerns, and, whether those problems resulted in the injury to the plaintiff. These issues preclude summary judgment for the Gaddises in the action brought by Wimbush against them. The summary judgment for the lessor is reversed and the cause remanded for trial.
WARNER and SHAHOOD, JJ., concur.