779 So.2d 371 (2000)
COLD STORAGE CAFÉ, INC., Appellant,
v.
Jennifer BARONE, Richard H. Sollner, as Trustee of Land Trust Number 1, and Robert Hine, Appellees.
No. 2D99-2291.
District Court of Appeal of Florida, Second District.
May 12, 2000.
*372 Daniel J. Lynott, Tampa, for Appellant.
Daniel F. Pilka, Brandon, for Appellee Sollner.
No Appearance for Appellees Barone and Hine.
PER CURIAM.
Appellee Jennifer Barone was injured by flying shattered glass when appellee Robert Hine struck a large window on the premises of the Cold Storage Café, a bar and restaurant on Florida Avenue in downtown Tampa. The café was owned and operated by appellant Cold Storage Café, Inc. (Cold Storage), who leased the premises from appellee Richard H. Sollner as Trustee of Land Trust Number 1. Ms. Barone filed a personal injury and premises liability lawsuit naming as defendants Mr. Hine, Cold Storage, and Mr. Sollner in his trustee capacity. Mr. Sollner moved for summary judgment on liability claiming he had no responsibility for Ms. Barone's injuries because he had leased the premises and retained no possessory interest or control of them. The trial court entered summary judgment in Mr. Sollner's favor. In order to preserve its rights, see Holton v. H.J. Wilson, Co., 482 So.2d 341 (Fla.1986), Cold Storage stepped into Ms. Barone's shoes and brings this appeal from the summary judgment in favor of its codefendant, Mr. Sollner. See Fla. R.App. P. 9.110(k). We reverse.
Cold Storage claims that there remain disputed issues of material fact concerning whether it or Mr. Sollner, under the provisions of the lease, was responsible for maintaining the window. Generally the lease gives to Mr. Sollner the responsibility for the "exterior of the leased property" and to Cold Storage the responsibility to maintain the "interior of the leased property." The terms "exterior" and "interior" are not defined in the lease. Cold Storage argued that because the window was part of an exterior wall, it was Mr. Sollner's responsibility to maintain, even though in the past Cold Storage had always cleaned all windows and, when the need arose, replaced broken ones.
At the very least there are ambiguities in the lease and the parties' disputed interpretations of the lease provisions created issues of fact that precluded summary judgment, despite evidence that in the past Cold Storage had cleaned and replaced windows. See Hervey v. Alfonso, 650 So.2d 644 (Fla. 2d DCA 1995); Booth v. Mary Carter Paint Co., 182 So.2d 292 (Fla. 2d DCA 1966). Cold Storage's actions may not necessarily mean that it *373 thereby relieved the landlord of duties that he had under the lease. See Craig v. Gate Maritime Properties, Inc., 631 So.2d 375 (Fla. 1st DCA 1994). Moreover, even if the landlord was not contractually responsible for maintaining the windows, this fact is not dispositive of the landlord's duty to have his premises in a reasonably safe condition. Whether the condition of the window on the date of the accident was dangerous, e.g., because the window should have contained safety glass instead of plate glass, is an unresolved issue of fact. The issue of whether a negligent condition exists on premises generally involves, as here, a disputed material fact which precludes summary judgment. See Wimbush v. Gaddis, 713 So.2d 1107 (Fla. 4th DCA 1998); Bryant v. Lucky Stores, Inc., 577 So.2d 1347 (Fla. 2d DCA 1990).
We reverse the summary judgment entered in favor of appellee Mr. Sollner and remand for further proceedings.
ALTENBERND, A.C.J., and NORTHCUTT and CASANUEVA, JJ., Concur.