KLEIN, J.
Karl Kolb owned a business which rented JetSMs from a dock owned by Blowing Rocks Marina. Kolb, who leased a shack and dock space from the marina, negligently rented a JetSki to the underage plaintiff, who injured herself. The trial court dismissed her complaint against the marina lessor, and we affirm.
Plaintiff was injured when her JetSki collided with a vessel anchored several hundred feet from the shore. She alleged that Kolb violated section 327.39(6)(a), Florida Statutes (2001) which makes it unlawful to authorize a person under the age of fourteen to operate a personal water craft. She also alleged violations of section 327.54 in that Kolb failed to provide instruction on the operation of the vessel and failed to have the required insurance. The theory alleged against the marina owner is that it was liable because it knew or should have known that Kolb was committing crimes by violating these statutes.
Plaintiff relies on the theory of Relyea v. State, 385 So.2d 1378 (Fla. 4th DCA 1980), in which this court held that a landowner has a duty to protect invitees from violent criminal acts of third persons, if the landowner has actual or constructive knowledge of such a danger.
Defendant, on the other hand, cites cases in which it has been held that a lessor is not liable for the negligent operation of a lessee’s business. Wimbush v. Gaddis, 713 So.2d 1107 (Fla. 4th DCA 1998); Bovis v. 7-Eleven, Inc., 505 So.2d 661 (Fla. 5th DCA 1987).
We conclude that the Relyea line of cases relied on by plaintiff are distinguishable because in those cases the defendants were in direct control of the premises, while in the present case the defendant lessor does not control the day to day operation of the lessee’s business. Although we are sympathetic to the plight of the plaintiff, because the negligent lessee is apparently judgment proof, she has provided us with no authority which would support holding the lessor liable.
We therefore affirm.
STEVENSON and TAYLOR, JJ., concur.