845 So.2d 325 (2003)
George CROWELL, M.D., and Unicom Anesthesia Associates, Appellants,
v.
Barry KAUFMANN, M.D., Jennifer Williams, as Personal Representative of the Estate of Grady Williams, and University Community Hospital, Appellees.
No. 2D02-621.
District Court of Appeal of Florida, Second District.
May 21, 2003.
Thomas Saieva of Saieva, Rousselle and Stine, P.A., Tampa, for Appellants.
John W. Boult of Barr, Murman, Tonelli, Slother & Sleet, Tampa, for Appellee Barry Kaufmann, M.D.
No appearance for Appellees Jennifer Williams and University Community Hospital.
*326 KELLY, Judge.
George Crowell, M.D., and Unicom Anesthesia Associates, defendants in this medical malpractice case (collectively "Dr. Crowell"), appeal from a final summary judgment entered in favor of a codefendant, Barry Kaufmann, M.D. Because the trial court abused its discretion when it denied Dr. Crowell's motion to continue the hearing on the motion for summary judgment, we reverse.
Appellee Jennifer Williams sued Dr. Crowell, an anesthesiologist; Unicom Anesthesia; Dr. Barry Kaufmann, a surgeon; and University Community Hospital for medical malpractice. Approximately six months after Ms. Williams filed her complaint, Dr. Kaufmann moved for final summary judgment. Neither Ms. Williams nor the hospital did anything to oppose the motion. In fact, Ms. Williams took the position that she wanted Dr. Kaufmann out of the case so she could make a stronger case against the hospital. To protect his ability to include Dr. Kaufmann as a Fabre[1] defendant on the verdict form, Dr. Crowell objected to the motion for summary judgment on the ground that the affidavits of Dr. Kauffman and his expert were conclusory and, therefore, insufficient to meet the burden of establishing an absence of genuine issues of material fact.
In the alternative, Dr. Crowell sought a continuance because discovery was not complete. Dr. Crowell's motion was accompanied by an affidavit from his attorney verifying that Ms. Williams had yet to answer Dr. Crowell's interrogatories, that she had not identified experts, that Dr. Crowell had not had the opportunity to depose either Ms. Williams' or Dr. Kauffman's experts, that discovery depositions of key fact witnesses from the hospital had not been taken, and that discovery of hospital policies had not been accomplished. As of the date of the hearing on the motion for summary judgment, the trial court had not provided a date for disclosure of experts nor had Ms. Williams answered Dr. Crowell's interrogatories or identified her experts. Nevertheless, at the summary judgment hearing, the trial court rejected Dr. Crowell's request to continue the hearing and granted the motion for summary judgment.
In this appeal, Dr. Crowell first contends that the summary judgment was erroneous because Dr. Kaufmann's supporting affidavits were inadequate. He also contends that the trial court abused its discretion when it denied his motion to continue the hearing. Dr. Kaufmann contends that Dr. Crowell had no standing to oppose the motion for summary judgment and that he has no standing to bring this appeal. He also contends that the trial court properly entered summary judgment in his favor. We need not address Dr. Crowell's argument that Dr. Kaufmann's affidavits were insufficient because we agree with his contention that the trial court abused its discretion when it refused to continue the summary judgment hearing.
Dr. Crowell, as codefendant in the trial court, has standing to appeal a summary judgment which exonerates his codefendant from liability. See Holton v. H.J. Wilson Co., 482 So.2d 341 (Fla.1986); Cold Storage Cafe, Inc. v. Barone, 779 So.2d 371 (Fla. 2d DCA 2000). Dr. Kaufmann argues that this principle applies only when a codefendant is seeking to protect his statutory right to contribution under section 768.31, Florida Statutes (2000), and not when a defendant merely seeks to preserve his ability to include a codefendant *327 as a Fabre defendant on the verdict form.
If a defendant wants a Fabre defendant on the verdict form, the defendant must ensure that there is sufficient evidence in the record from which the jury can find that the Fabre defendant was at fault. If there is no such evidence, the Fabre defendant cannot be placed on the verdict form. W.R. Grace & Co.-Conn. v. Dougherty, 636 So.2d 746 (Fla. 2d DCA 1994). In this case, the summary judgment in favor of Dr. Kaufmann exonerates him from fault. Because the trial court determined as a matter of law that Dr. Kaufmann was not at fault, Dr. Crowell would not have been entitled to place him on the verdict form. See S. Bell Tel. & Tel. Co. v. Dept. of Transp., 668 So.2d 1039 (Fla. 3d DCA 1996); cf. Jackson County Hosp. Corp. v. Aldrich, 835 So.2d 318 (Fla. 1st DCA 2002). Accordingly, Dr. Crowell had standing to oppose Dr. Kaufmann's motion for summary judgment and has standing to bring this appeal. See S. Bell, 668 So.2d at 1041.
The trial court gave no indication why it denied Dr. Crowell's motion to continue the summary judgment hearing, or for that matter, why it granted the summary judgment. We have examined the record and can find no basis upon which to affirm the trial court's denial of Dr. Crowell's motion to continue. Dr. Crowell was entitled to have an opportunity to oppose the summary judgment motion. He properly sought to continue the hearing so that he could complete discovery that was material to the merits of the motion. Generally, it is an abuse of discretion for a trial court to grant summary judgment where the opposing party has not had an opportunity to complete discovery. Brandauer v. Publix Super Markets, Inc., 657 So.2d 932 (Fla. 2d DCA 1995). Under the circumstances presented in this case, entry of summary judgment was premature. Accordingly, we reverse the summary judgment in favor of Dr. Kaufmann and remand for further proceedings.
Reversed and remanded.
CASANUEVA and DAVIS, JJ., Concur.
NOTES
[1] Fabre v. Marin, 623 So.2d 1182 (Fla.1993), receded from on other grounds, Wells v. Tallahassee Mem. Reg'l Med. Ctr., Inc., 659 So.2d 249 (Fla.1995).