WARNER, J.
In an action for personal injuries to appellant, Nita Haines, arising from a fall at premises owned by appellee, Dania Corner, Inc., and leased to Candelite Antiques, the trial court granted summary judgment in favor of Dania Corner on the ground that Candelite was in sole possession and control of the subject premises, so that the landlord was not liable. We agree with the trial court that there were no disputed issues of fact as to the exclusive control of the premises by the lessee. We therefore affirm.
Candelite Antiques rented the premises in question from Dania Corner, Inc., on a month to month basis. There was no written lease agreement. During Candelite’s possession, Ms. Haines visited the store and fell. She attributed her fall to a slight level change in the floor where a partition previously divided two separate stores. Candelite’s owner filed an affidavit stating that he was in exclusive possession and control of the premises and rented it on an “as is” basis. Candelite’s owner also admitted knowing of the difference in floor levels in the store. Dania Corner’s representative testified in his deposition that Dania Corner was not responsible for anything on the property: ‘We don’t do anything whatsoever to the property. Whatever has to be done, [Candelite’s owner] does it himself there. That was one of the reasons we rented it as-is and for [a] low amount of money.” Dania Corner’s representative conceded that Dania Corner would probably take care of a roof problem or structural damage such as termites. The representative also admitted knowing of the level change for at least two years. However, that was during Candelite’s possession of the premises.
As was most recently summarized in Russ v. Wollheim, 915 So.2d 1285, 1287 (Fla. 2d DCA 2005):
In cases involving a lease, however, the legal relationship (including possession and control of the lessor over the property) between the owner and the property will not necessarily be totally severed. The extent of responsibility for injuries occurring on the property during the term of the lease will depend upon the extent the owner maintains a possessory interest or control over the instrumentality or land which contains a defect which is alleged to have been a proximate cause of the injuries suffered by a plaintiff. Craig v. Gate Maritime Props., Inc., 631 So.2d 375, 377 (Fla. 1st DCA 1994) (citing Bovis v. 7-Eleven, Inc., 505 So.2d 661 (Fla. 5th DCA 1987)).
In this case, the evidence was undisputed that the landlord maintained no control over the interior of the premises.
This case is unlike Wimbush v. Gaddis, 713 So.2d 1107 (Fla. 4th DCA 1998), relied upon by Haines. There, the injury occurred on a slippery ramp which led from the premises to the parking lot. The plaintiff came forward with evidence that the ramp was not constructed to code. The written lease made the landlord responsible for structural repairs, but the lessee was responsible for routine maintenance. Moreover, the landlord had a right of entry and inspection. Thus, our court concluded that there was a genuine issue of material fact as to whether the landlord had a sufficient possessory interest to incur liability for injuries resulting from the defective ramp. Wimbush differs from this case in that there was no evidence that Dania Corner had any right of entry or inspection, nor was there evidence that Dania Corner had responsibility for anything other than roof repairs or structural damage such as termites.
Further, as noted in Wimbush,
*1291 A lessor may be liable in tort to third persons for injuries resulting from latent dangerous conditions of which the lessor (owner) knew, or should have known, existed on the leased premises when the lessor (owner) delivered possession without appropriate warnings. Such liability is not based on the fact that the lessor is the owner, but because the owner, as possessor, can be negligent in those particulars just as any other possessor.
Id. at 1107-1108. However, in the present case, it is undisputed that Candelite knew of the condition of the floor prior to the incident in question. Therefore, if the floor level change was a latent defect, the lessee knew of it. Furthermore, according to Dania Corner’s representative, Candel-ite even posted signs alerting persons to the floor change.
The undisputed evidence in this case establishes that the premises were in the exclusive control of Candelite under an oral lease in which Candelite had the entire obligation of maintaining the premises. Only such matters as roof repairs or structural damage such as termites would be the obligation of the landlord. There was no evidence that the floor level difference was a structural issue. Moreover, the condition was known by the lessee. Based upon the record at summary judgment, we conclude that there were no issues of material fact, and the court correctly granted summary judgment.
Affirmed.
STEVENSON, C.J., and MAY, J., concur.