HAZOURI, J.
Dale E. Dickey and Airgas Carbonic Inc., defendants below, appeal from the entry of final summary judgment in favor of codefendant Bob’s Barricades Inc., in a tort action filed by the plaintiffs below, Mitchell Kitroser, as Personal Representative of the Estate of Rhina M. Castro Lara, Benigno Rodriguez, individually, Gloria Rodriguez, individually, and Felicita Lara, individually. Because the trial court abused its discretion when it denied Dickey and Airgas’s motion to continue the hearing on the motion for summary judgment and ruled that Dickey and Airgas *1183 had no standing to oppose the summary judgment, we reverse.
This action arises out of a tragic motor vehicle accident in which a commercial truck, driven by Airgas’s employee, Dickey, struck a car driven by Rhina M. Castro Lara, resulting in her death. Castro Lara’s estate and survivors filed a thirty-one count Second Amended Complaint in their wrongful death action which added Bob’s Barricades as a defendant. The gist of the allegations was that Bob’s Barricades, which provides barricades for traffic control, breached its duty of care by failing to block access to points on U.S. 27 as requested by the Florida Highway Patrol when there was heavy fog, which made driving on these roads unsafe. In its motion for summary judgment, Bob’s Barricades asserted that it did not perform any work of any kind or provide traffic control or warning devices or personnel to another codefendant DeAngelo Brothers, Inc., for any road project at or near the intersection where the accident happened. The plaintiffs did not oppose the summary judgment.
Dickey and Airgas filed a response to the motion for summary judgment in which they requested that the trial court defer ruling on the motion until discovery was complete. They argued they would be prejudiced if the court granted summary judgment because it would prevent them from adding Bob’s Barricades as a Fabre[1] defendant, even if later discovery established Bob’s Barricades’s negligence. They further alleged that they were in the process of deposing Palm Beach County Sheriffs Office (PBSO) deputies who were on duty the day of the accident and that counsel for PBSO had filed a motion for protective order to stop the remaining depositions. Attached to the response was a 2003 document which listed Bob’s Barricades as a sub-contractor who could potentially be called in response to emergencies by DeAngelo Brothers, Inc.
At the hearing on the motion for summary judgment, Dickey and Airgas’s counsel were precluded from arguing in opposition to the motion for summary judgment because the trial court ruled that since they had not filed claims against Bob’s Barricades, they had no standing. Dickey and Airgas’s counsel further argued they were still conducting discovery but were not yet in a position to assert a claim against Bob’s Barricades’s or claim it as a Fabre defendant. Without further discussion of the merits of Bob’s Barricades motion, the trial court granted the motion for summary judgment. Prior to the conclusion of the hearing, the trial judge advised that if Dickey and Airgas could provide him with case law to the contrary, he would reconsider his ruling on a motion for rehearing.
Dickey and Airgas filed a Motion for Rehearing and to Vacate Order Granting Summary Judgment citing Crowell v. Kaufmann, 845 So.2d 325 (Fla. 2d DCA 2003), as being directly on point, holding that similarly situated defendants had standing to oppose the summary judgment and to request a continuance of the summary judgment hearing so that the parties could complete additional discovery. The motion for rehearing was denied.
In Crowell, the plaintiff sued a surgeon, an anesthesiologist, and a hospital for medical malpractice. Id. at 326. The co-defendant surgeon moved for summary judgment. Id. The plaintiff did not oppose the surgeon’s motion for summary judgment because she wanted to make a *1184 stronger case against the other defendants. Id.
The defendant anesthesiologist attempted to oppose the codefendant surgeon’s motion for summary judgment, arguing that discovery was incomplete on the issue of the surgeon’s liability. Id. The anesthesiologist, therefore, requested a continuance of the summary judgment hearing until the completion of discovery “to preserve his ability to include a codefendant [, the surgeon,] as a Fabre defendant on the verdict form.” Id. at 326-27. The trial court, however, rejected the anesthesiologist’s arguments and entered summary judgment in favor of the surgeon. Id. at 326. The trial court’s summary judgment in favor of the surgeon absolved the surgeon of any liability, which prevented the anesthesiologist from including, and therefore apportioning liability to, the surgeon as a Fabre defendant on the verdict form. Id. at 327.
The codefendant surgeon argued that the anesthesiologist “had no standing to oppose the motion for summary judgment and that he has no standing to bring this appeal.” Id. The Second District rejected this argument stating “Dr. Crowell, as co-defendant in the trial court, has standing to appeal a summary judgment which exonerates his codefendant from liability.” Id.
In Crowell, the Second District held that the basis of a defendant’s standing to oppose a codefendant’s motion for summary judgment is to allow the defendant the opportunity to include the codefendant that moved for summary judgment as a Fabre defendant on the verdict form. It stated
[T]he summary judgment in favor of Dr. Kaufmann exonerates him from fault. Because the trial court determined as a matter of law that Dr. Kaufmann was not at fault, Dr. Crowell would not have been entitled to place him [as a Fabre defendant] on the verdict form. Accordingly, Dr. Crowell had standing to oppose Dr. Kaufmann’s motion for summary judgment and has standing to bring this appeal.
Id. at 327 (citations omitted). Because the defendant anesthesiologist had standing to oppose the codefendant surgeon’s motion for summary judgment and because discovery was not complete as to the surgeon’s potential liability, the Second District then held that the trial court had abused its discretion in entering summary judgment and therefore reversed entry of summary judgment. It stated
Dr. Crowell was entitled to have an opportunity to oppose the summary judgment motion.... Generally, it is an abuse of discretion for a trial court to grant summary judgment where the opposing party has not had an opportunity to complete discovery.... Under the circumstances presented in this case, entry of summary judgment was premature.
Id. (citation omitted); see also Epstein v. Guidance Corp., Inc., 736 So.2d 137, 138 (Fla. 4th DCA 1999) (reversing entry of summary judgment because trial court should not have ruled on motion for summary judgment until completion of relevant discovery).
Crowell holds that a defendant has standing to oppose a codefendant’s motion for summary judgment, even though the defendant has not asserted a claim against the codefendant. The defendant in Cro-well was opposing the summary judgment in order to preserve his right to add the codefendant as a Fabre defendant — a right that would be lost if the codefendant obtained summary judgment.
We find the Second District’s ruling in Crowell persuasive. We, therefore, find *1185 the trial court abused its discretion and reverse the order granting the motion for summary judgment and remand for further proceedings consistent with this opinion. We do not pass on the merits of whether there is evidence of negligence on the part of Bob’s Barricades.

Reversed and Remanded for Further Proceedings.

CIKLIN and LEVINE, JJ„ concur.

. Fabre v. Marin, 623 So.2d 1182 (Fla.1993), receded from on other grounds, Wells v. Tallahassee Mem. Reg'l Med. Ctr., Inc., 659 So.2d 249 (Fla. 1995).